IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUFUS EDWARD JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00386-SMY |
| ) | |
| **SPARTA COMMUNITY HOSPITAL,** ) | |
| **S.A. GODINEZ, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On April 7, 2016, Plaintiff Rufus Edward Jones, proceeding *pro se*, filed a civil rights complaint in this Court alleging that Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 1, p. 1). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. (Doc. 2).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

Under 28 U.S.C. § 1915(e)(2), "at any time" a court can deny a qualified plaintiff leave to proceed as a pauper, or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

## Discussion

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, for the following reasons, the Court finds that the Complaint fails to survive the Court's threshold review under 1915(e)(2) and must be dismissed.

Plaintiff asserts multiple claims against fifteen Defendants. (*See* Doc. 1). The named Defendants include what appear to be two non-state actors -- Sparta Community Hospital and Charlene Jones (Plaintiff's ex-wife); multiple officials employed by the Illinois Department of Corrections; the City of Sparta, Illinois; several police officers employed by the Sparta Police Department; the Randolph County State's Attorney and the Assistant State's Attorney; and the Randolph County Public Defender. *Id*. at 1-11. Although the details are unclear, Plaintiff's claims seem to relate to two separate events: 1) his arrest by police officers from the Sparta, Illinois police department on domestic battery charges on July 26, 2014 and; 2) his incarceration past his projected discharge date by officials from the Illinois Department of Corrections

defendants.[1]  With respect to these events, Plaintiff alleges a slew of claims including conspiracy, false arrest, false imprisonment, intentional infliction of emotional distress, deliberate indifference and negligence.

The statement of the claim itself offers little more than a series of assertions couched as legal conclusions supported by little to no factual content.  Under each Defendant's name, Plaintiff identifies the event (either the arrest or the dates of incarceration that he is challenging) and then makes vague legal assertions without providing any explanation or support.  For example, as to his claims against Sparta Community Hospital, Plaintiff states, "[O]n 7-28-2014 in Randolph County provided medical records, on 7-26-2014 Plaintiff was arrested by officers of Sparta IL, PD for domestic battery.  Plaintiff's constitutional rights were violated by Sparta Community Hospital on conspiracy, aiding & abetting to false arrest and false imprisonment, intentional infliction of emotional distress under color of law." *Id*. at 16.

Sixty pages of exhibits are also attached to the Complaint, but Plaintiff gives the Court no guidance on which exhibits relate to which claims.  In addition, the exhibits are not organized in any way (i.e., by date, claim, or defendant) that would assist the Court in piecing together Plaintiff's claims.

Although *pro se* litigants are not held to the same drafting standards as litigants who are represented by counsel, the Court is not required to scour 60 pages of exhibits to determine whether Plaintiff has indeed stated a claim.  Moreover, as the United States Supreme Court has noted:

---

[1] It is unclear how or if these two events are related.  Therefore, the Court will not sever the claims at this time.  However, Plaintiff is advised that in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). To state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted).

It is quite possible that Plaintiff has an actionable claim against one or more of the named defendants, but at this point, he has failed to clearly identify those claims and how each Defendant is personally liable. For these reasons, the Court finds that the Complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an Amended Complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

### Pending Motions

**Motion for Leave to Proceed IFP (Doc. 2)**

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) remains **PENDING**. The Court will delay ruling on this motion until after the time in which Plaintiff has been granted leave to file an amended complaint has expired.

**Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has filed a motion requesting that the Court recruit counsel to represent him in this matter. (*See* Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff states that he has contacted several law firms in an attempt to secure counsel, but he has failed to submit any documentation indicating that he has done so. Moreover, the only

explanation that Plaintiff offers as to why he is unable to represent himself is that the case is "complex." While that may be true, at this juncture, the Court is primarily concerned with whether Plaintiff has a colorable § 1983 claim, and if so, whether he is able to articulate that claim to this Court. Plaintiff indicates that he has received an education at the post-graduate level. Although not dispositive, this would suggest that Plaintiff has the ability to provide the Court with a clear and plain statement of his claims. For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**, but it is denied without prejudice to Plaintiff filing another motion for recruitment of counsel in the future. The Court will remain open to assigning counsel at a later date.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before July 6, 2016). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions

alleged to have been taken by that defendant that violated federal or constitutional law. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **FURTHER ADVISED** that he should *include only related claims* in the Amended Complaint. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). **If Plaintiff wishes to avoid severance, and the filing fees which shall attach, he should limit his Amended Complaint to claims that are factually and legally related.**

In addition, Plaintiff is **ADVISED** that he should only name state actors as defendants in his Amended Complaint. In order to sufficiently state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d 851, 852-53 (7th Cir. 2003).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 1, 2016**

s/ STACI M. YANDLE<br>
**United States District Judge**